UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| GUSTAVO HERNANDEZ,<br><br>                        Petitioner,<br><br>v.<br><br>WARDEN REUBART, et al.,<br><br>                        Respondents. | Case No.: 3:22-cv-00182-LRH-CSD<br><br>**ORDER** |

*Pro se* Petitioner Gustavo Hernandez has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. (ECF No. 1-1 ("Petition").) This matter comes before the court on initial review under the Rules Governing Section 2254 Cases ("Habeas Rules") and for consideration of Hernandez's motion for appointment of counsel (ECF No. 4). For the reasons discussed below, the court directs service of the Petition and grants Hernandez's motion.[1]

**I.     BACKGROUND**

Hernandez challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County ("state court"). *State of Nevada v. Gustavo Hernandez, Jr.*, Case No. C-16-315348-1.[2] On December 15, 2017, and July 8, 2020, the state court entered a judgment of

---

[1] The court notes that Hernandez filed a writ of mandamus and/or prohibition in the United States Court of Appeals for the Ninth Circuit, Case No. 22-70088. (*See* ECF No. 6.) Because Hernandez's interlocutory petition for an extraordinary writ does not divest this court of jurisdiction, this court proceeds with screening. *See Ellis v. U.S. Dist. Ct. for W. Dist. of Washington*, 360 F.3d 1022, 1023 (9th Cir. 2004) ("The district court does not lose jurisdiction over a case merely because a litigant files an interlocutory petition for an extraordinary writ."); *see also Nascimento v. Dummer*, 508 F.3d 905, 910 (9th Cir. 2007) ("[P]etitions for extraordinary writs do not destroy the district court's jurisdiction in the underlying case.").

[2] The court takes judicial notice of the online docket records of the Eighth Judicial District Court and Nevada appellate courts. The docket records may be accessed by the public online at: https://www.clarkcountycourts.us/Anonymous/default.aspx and http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

conviction and amended judgment of conviction, respectively, pursuant to a jury trial, for second-degree kidnapping; child abuse, neglect, or endangerment; aggravated stalking; and preventing or dissuading a witness from testifying or producing evidence. In total, Hernandez was sentenced to 119 to 300 months in prison. Hernandez appealed, and the Nevada Court of Appeals affirmed on May 8, 2020. Remittitur issued on June 3, 2020.

On July 12, 2021, Hernandez filed a state petition for writ of habeas corpus. *See Gustavo Hernandez, Jr. v. William Gittere*, Case No. A-21-837690-W. The state court denied post-conviction relief on October 12, 2021. Hernandez filed a post-conviction appeal, and the Nevada Court of Appeals affirmed the denial on March 9, 2022. Remittitur issued on April 4, 2022.

On April 25, 2022, Hernandez initiated this federal habeas corpus proceeding. (ECF No. 1-1.) The court instructed Hernandez to either pay the filing fee or file an application to proceed *in forma pauperis*. (ECF No. 5.) Hernandez timely paid the filing fee and filed an application to proceed *in forma pauperis*. (ECF Nos. 8, 10.) Hernandez's application to proceed *in forma pauperis* is denied as moot given that Hernandez paid the filing fee.

**II.    DISCUSSION**

Habeas Rule 4 requires the assigned judge to examine the habeas petition and order a response unless it "plainly appears" that the petition is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. *Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases). A response is warranted in the instant case.

This court now turns to Hernandez's motion for the appointment of counsel. (ECF No. 4.) There is no constitutional right to appointed counsel for a federal habeas corpus proceeding.

*Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Luna v. Kernan*, 784 F.3d 640, 642 (9th Cir. 2015) (citing *Lawrence v. Florida*, 549 U.S. 327, 336–37 (2007)). An indigent petitioner may request appointed counsel to pursue that relief. 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is generally discretionary. *Id*. (authorizing appointed counsel when "the interests of justice so require"). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Brown v. United States*, 623 F.2d 54, 61 (9th Cir. 1980).

Following review of the Petition and the motion for appointment of counsel, the court will provisionally appoint the Federal Public Defender to represent Hernandez. The court finds that appointment of counsel is in the interests of justice given, among other things, the aggregate length of Hernandez's sentence.

### III. CONCLUSION

IT IS THEREFORE ORDERED that the clerk file the Petition (ECF No. 1-1).

IT IS FURTHER ORDERED that the clerk add Aaron Ford, Attorney General of the State of Nevada, as counsel for respondents, electronically serve respondents' counsel a copy of the Petition (ECF No. 1-1), electronically provide respondents' counsel a copy of this order, and electronically provide respondents' counsel copies of all other items previously filed in this case by regenerating the Notices of Electronic Filing. Respondents' counsel must enter a notice of appearance within 21 days of entry of this order, but no further response will be required until further order.

IT IS FURTHER ORDERED that the application for leave to proceed *in forma pauperis* (ECF No. 8) is **DENIED** as moot.

IT IS FURTHER ORDERED that the motion for appointment of counsel (ECF No. 4) is **GRANTED**.

IT IS FURTHER ORDERED that the clerk shall electronically serve the Federal Public Defender a copy of this order and the Petition (ECF No. 1-1). The Federal Public Defender is provisionally appointed as counsel and will have 30 days to (1) undertake direct representation of Hernandez by filing a notice of appearance or (2) indicate the office's inability to represent Hernandez in these proceedings. If the Federal Public Defender is unable to represent Hernandez, the court will appoint alternate counsel. Appointed counsel will represent Hernandez in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw. A deadline for the filing of an amended petition and/or seeking other relief will be set after counsel has entered an appearance. The court anticipates a deadline of approximately 90 days from entry of the formal order of appointment.

IT IS FURTHER ORDERED that any deadline established and/or any extension thereof will not signify any implied finding of a basis for tolling during the time period established. Hernandez remains responsible for calculating the running of the federal limitation period and timely presenting claims. That is, by setting a deadline to amend the petition and/or by granting any extension thereof, the court makes no finding or representation that the Petition, any amendments thereto, and/or any claims contained therein are not subject to dismissal as untimely. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

IT IS FURTHER ORDERED that the clerk is directed to send a copy of this order to Hernandez and the CJA Coordinator for this division.

DATED this 2nd day of June 2022.

_____
LARRY R. HICKS
UNITED STATES DISTRICT COURT